UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN WHITE,

                Plaintiff,

    -against-                                        9:14-cv-1400 (LEK/ATB)

DONALD UHLER, *et al.*,

                Defendants.

## **DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff John White ("Plaintiff") commenced the present action on November 19, 2014, asserting claims arising out of physical attacks allegedly perpetrated on Plaintiff while in the control and custody of Defendants. Presently before the Court are Plaintiff's Motion to compel and to disqualify U.S. Magistrate Judge Andrew T. Baxter; Plaintiff's Appeal of Judge Baxter's decision denying his recusal; and Plaintiff's Letter Motion for expanded discovery, access to postage to enable access to courts, recusal of Magistrate Baxter, in camera review of discovery and DOCCS files, and appointment of counsel. Dkt. Nos. 97 ("April Order"), 100 ("Motion to Disqualify"), 101 ("Appeal"), 113 ("Letter Motion"). For the following reasons, Plaintiff's Motions are denied.

**II.    BACKGROUND**

The Court assumes the parties are familiar with the underlying claims in this case. Plaintiff submitted a Motion for recusal on March 31, 2016, demanding the recusal of Judge Baxter along with a letter in support of his Motion. Dkt. Nos. 93 ("Motion for Recusal"), 94 ("Recusal Letter"). Judge Baxter denied Plaintiff's Motion for recusal in a text order on April 1, 2016. Apr. Order.

**III.     LEGAL STANDARD**

In reviewing a magistrate judge's orders concerning nondispositive matters, "[t]he 'district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law.'" Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (quoting FED. R. CIV. P. 72(a)). An order is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting U.S. Gypsum Co., 333 U.S. at 395). "An order is contrary to the law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (quoting Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)); see also New York v. Salazar, No. 08-CV-644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011) (Kahn, J.). Additionally, "[i]t is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." RMED Int'l Inc. v. Sloan's Supermarkets, Inc., No. 94 Civ. 5587, 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000).

**IV.     DISCUSSION**

**A. Appeal and Recusal of Judge Baxter**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Recusal motions are committed to the sound discretion of the district court, and [we] will reverse a decision denying such a motion only for abuse of discretion." Weisshaus v. Fagan, 456 F. App'x

32, 34 (2d Cir. 2012) (alteration in original) (citing LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007)).

In Plaintiff's initial motions for recusal, Plaintiff "demand[ed] recusal on basis that [Judge] Baxter is totally unconcerned with enabling access of court [and] following 2nd Cir. caselaw." Mot. Recusal. Plaintiff alleged that he petitioned for recusal in February 2016, but that his petition "simply vanished" and was "omitted from the case docket." Recusal Letter at 1. Plaintiff also argued that "[a]s a result of the extremely incompetent report-recommendation committed by Magistrate Baxter, [he has] been greatly prejudiced." Id. Plaintiff alleged that Magistrate Judge Baxter received his petition for recusal and "had it erased from the case file." Id. Plaintiff argued that Judge Baxter is "bias [and] has attempted to usurp the Superior Court's ruling on PLRA matters, [and] has attempted to do so through reasoning [and] professionalisms clearly undermining his position." Id. However, in his order denying Plaintiff's Motion for recusal, Judge Baxter explains that "[t]he receipt and docketing of submission from pro se litigants is controlled by the Clerk's Office." Apr. Order.

Plaintiff argues in his Motion to disqualify that the "Court's conduct in 'continually speaking for [and] advocating for' defendant's counsel . . . demonstrates being interested in the outcome of the proceedings [and] favoring a party." Mot. Disqualify at 1. Plaintiff then argues in his Appeal that he "cannot proceed in this case [and] enjoy access of court [and]/or controlling favorable ruling rendered by the Second Circuit because Baxter commits purposeful excisions of fact [and] law harmful to [his] pro-se position." Appeal at 1. He argues that Judge Baxter's refusal to recuse is "being appealed as a result of [Baxter's] failure to comply with the Supreme Court's ruling in Liteky v. United States." Id. at 2.

3

Liteky v. United States holds that recusal under 28 U.S.C. § 455(a) is subject to the extrajudicial source doctrine, which states that a judge with bias or prejudice toward a party is required to recuse himself/herself. 510 U.S. 540, 550 (1994). An extrajudicial source is not the only basis to establish bias or prejudice, as a favorable or unfavorable predisposition developed from facts adduced or events at trial can also be categorized as prejudice or bias requiring recusal of the judge. Id. at 551. In this case, the Court finds that Judge Baxter's actions do comply with the rule of Liteky. Judge Baxter did not exhibit a bias or prejudice that would allow his "impartiality" to "reasonably be questioned." Id. at 541 (quoting 28 U.S.C. § 455(a)). In the April Order, Judge Baxter cites Weisshaus v. Fagan, 456 F. App'x 32 (2d Cir. 2012), which quotes Liteky v. United States, 510 U.S. 540 (1994), in explaining that "disagreement with a judge's ruling does not, by itself, warrant recusal." Apr. Order.

Plaintiff also argues that District Judge Gary L. Sharpe's adoption of Judge Baxter's Report-Recommendation "only further disrespects the ruling made by the Second Circuit," and "the fact that Baxter relies upon Sharpe as condoning his idiotic rulings only further demonstrates that this usurpation of authority must be reported." Appeal. In Plaintiff's Letter Motion, he again demands the recusal of Judge Baxter. Letter Mot. at 6. Plaintiff argues that Judge Baxter is biased and argues that it was error for Judge Baxter to dismiss his complaints in two other cases assigned to him, No. 12-CV-1892 and No. 15-CV-88. Id. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 541 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). The Court in Liteky explains that judicial rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial

4

source is involved." Id. at 555. Rather, judicial rulings are "proper grounds for appeal, not for recusal." Id. Here, there was no "deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Plaintiff's argument in favor of recusal falls short of proof that Judge Baxter is incapable of making a fair judgment. See Weisshaus, 456 F. App'x at 35 (holding that the plaintiff's challenge to the denial of her recusal motion must be dismissed when she did not "argue that the district court's opinion displayed even a hint of partiality, let alone a 'deep-seated favoritism or antagonism'"); see also LoCascio, 473 F.3d at 496 (quoting Liteky, 510 U.S. at 556) (holding that the judge's decision to hold the plaintiff in contempt and his other rulings on the plaintiff's numerous motions "do not raise even a suspicion of a 'deep-seated and unequivocal antagonism that would render fair judgment impossible'"). Accordingly, Plaintiff's Motions to recuse Judge Baxter are denied.

**B. Motion to Compel**

Plaintiff argues that the "court has interpreted my previous motion to compel as being inadequate [and] conclusory, while requiring no response from defendants counsel." Mot. Disqualify at 1. He claims that "to date none of the discovery items have been served upon plaintiff simultaneously nor at all, nor has any deposition been commenced. Indeed, a motion to compel must be made [and] granted now because here is a current [and] obvious impediment in the plaintiff not being allowed to 'compound any of the answers' potentially made by defendants in response to current outstanding demands." Mot. Disqualify at 2.

"The management and scope of discovery are matters left 'to the sound discretion of the district court.'" Lagnese v. City of Waterbury, No. 15CV00975, 2015 WL 9255540, at *4 (D. Conn. Dec. 18, 2015). A court has "sound discretion, on objection, whether and within what limits

and under what conditions inspection of documents or things should be ordered." 8B Charles Alan Wright et al., Federal Practice and Procedure § 2215 (3d ed. 2010) (citing Barr Rubber Prods. Co. v. Sun Rubber Co., 425 F.2d 1114, 1127 (2d Cir. 1970)). "Orders under Rule 34 are in large measure discretionary with the trial court and are founded upon facts [and should not be disturbed] unless the action was improvident and affected the substantial rights of the parties." Carter v. Balt. & Ohio R.R. Co., 152 F.2d 129, 130-31 (D.C. Cir. 1945).

In their Response to Plaintiff's Motion to disqualify and compel, Defendants explain that they have served Plaintiff with responses to the demands that they received. Dkt. No. 109 ("Response"). Defendants claim, however, that there were four demands Plaintiff had listed in his Motion that Defendants did not receive and that Plaintiff did not attach to his Motion, so Defendants could not determine what they were. Id. Additionally, Defendants claim that Plaintiff's deposition has already been held, and a report from DOCCS Office of Special Investigations has been made available for Plaintiff to review. Id. As a result, the Court finds that Plaintiff's demands have been met by Defendants, and that granting Plaintiff's Motion to compel would not serve to discover information not already provided. Therefore Plaintiff's Motion to compel is denied.

**C. Access to the Courts**

Plaintiff argues that the discontinuation of his access to postage for indigent legal mail was "a means to thwart pro-se proceedings." Letter Mot. at 1. Insofar as Plaintiff requests access assistance in regards to legal postage, the Court issued a text order on June 27, 2016, explaining that "mailings to the Court meet the definition of 'legal mail' under N.Y. Comp. Codes R. & Regs. tit. 7, § 721.3(a)(3)(iv)(a). Under that regulation, Plaintiff should thus be afforded an advance for postage needed to submit filings in this action." Apr. Order; see also N.Y. Comp. Codes R. & Regs. tit 7,

§ 721.3(a)(3).

**D. In Camera Review**

Plaintiff additionally requests "the discovery adduced on (5/18/16) to be made available to the court for in camera review as well as the ('O.S.I.'/'I.G.') DOCCS files on [his] security complaints, to be reviewed in camera, made during 1-12-09 thru 7-31-15." Letter Mot. at 8. "*In camera* review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion." Local 3, Intern. Broth. of Elec. Workers, AFL-CIO v. NLRB, 845 F.2d 1177, 1180 (2d Cir. 1988). Plaintiff argues that these documents need to be made available for in camera review in the interest of Rule 1 and Rule 26, and in the interest of justice. Letter Mot. at 8. However, because Defendants have produced the documents that Plaintiff requested in discovery and because Defendants already have arranged for a report of DOCCS files to be made available for Plaintiff to review, in camera review is not necessary and is denied.

**E. Production of O.S.I. Files**

Plaintiff, in his Letter Motion, additionally argues that he needs the "production of all relevant safety [and] security files stored within the facility [and] DOCCS Executive Office of Special Investigations ('OSI')." However, Defendants explain in their Response to Plaintiff's Motion to disqualify that defense counsel already arranged for a report from the DOCCS Office of Special Investigation to be made available for Plaintiff's review at Southport Correctional Facility. Resp. Therefore, Plaintiff's request is denied. See FED. R. CIV. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or

7

less expensive.").

   **F. Appointment of Counsel**

Plaintiff also argues for the appointment of counsel "where the court fails to remedy the sudden [and] continuing denial of my access of court." Letter Mot. at 8. There is no bright-line test for determining whether a plaintiff is entitled to appointment of counsel. Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997). Instead, a balancing test is used that first takes into account whether the indigent's claim seems likely to have merit. Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986) (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)). If a plaintiff's claim passes that threshold test, the court then considers

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge, 802 F.2d at 61-62).

Here, Plaintiff does not show the need for cross-examination, nor does he show difficulties "encountered in the attempted development of his case." Hendricks, 114 F.3d at 393 (finding that the plaintiff encountered difficulty in developing his case as the DOCS officers did not produce the requested documents). In order for a plaintiff's claim to be considered complex, there is some requirement that the claim be either novel or more complex than similar actions brought by similar plaintiffs, Excell v. Woods, No. 07-CV-0305, 2009 WL 3124424, at *5 (N.D.N.Y. Sept. 29, 2009), and here the issues do not fall into that category. The record indicates that Plaintiff has been able to

8

litigate on his own thus far, and Plaintiff alleges no special reason why "appointment of counsel would be more likely to lead to a just determination." Terminate Control Corp., 28 F.3d at 1341. Judges are not to appoint counsel "'indiscriminately' just because an indigent litigant makes such a request." Id. (quoting Cooper v. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989)). Therefore, Plaintiff's request for appointment of counsel is denied without prejudice.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 100) to disqualify Judge Baxter and to compel is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Appeal (Dkt. No. 101) of Magistrate Judge Baxter's Order (Dkt. No. 97) declining to recuse himself is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Letter Motion (Dkt. No. 113) for expanded discovery, access to postage to enable access to courts, recusal of Magistrate Judge Baxter, in camera review of documents, and appointment of counsel is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 07, 2016
Albany, NY

Lawrence E. Kahn
U.S. District Judge