UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN H. WHITE,

                              Plaintiff,

    -against-                                    9:14-CV-1400 (LEK/ATB)

DONALD UHLER, *et al.*,

                              Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff John H. White commenced this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Presently before the Court are Plaintiff's third motion for preliminary injunctive relief and Plaintiff's motion for contempt. Dkt. Nos. 173, 174, 175, 181. Defendants oppose the motions. Dkt. No. 182 ("Response").

**II.    BACKGROUND**

In November 2014, Plaintiff commenced this action seeking relief for an alleged violation of his constitutional rights during his confinement at Upstate Correctional Facility ("Upstate C.F."). Compl. at 3. Plaintiff's allegations involve incidents that occurred at Upstate C.F. from June 12, 2013 through November 4, 2014. Id. In January 2015, Plaintiff filed a motion for injunctive relief seeking an order directing defendants to "stop ongoing harms related to double cell housing" and for an order protecting him from physical injury and attacks by guards and inmates. Dkt. Nos. 6, 7, 8, 9. In a Decision and Order filed in April 2015, after review of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that Plaintiff's Eighth Amendment claims and supervisory claims against nineteen defendants survived review

and required a response. Dkt. No. 14 ("April Order") at 45. In the April Order, the Court also denied Plaintiff's request for preliminary injunctive relief. Id. at 41.

In February 2016, Plaintiff was transferred to Southport Correctional Facility ("Southport C.F."). Dkt. No. 86. In March 2016, Plaintiff filed a second motion for injunctive relief, this time related to incidents that occurred at Southport C.F. Dkt. Nos. 95, 107. Plaintiff claimed that various individuals, who are not parties to this action, refused to allow Plaintiff to send copies of his documents to the Court and to defense counsel, prevented him from mailing exhibits to defense counsel, and failed to process his legal mail. Dkt. No. 95 at 1–2. Plaintiff also claimed that he was not provided with equipment, adequate nutrition, or physical therapy. Id. And Plaintiff asserted that he was deprived of his freedom of speech and confined to a "feces infested" and "hostile" environment. Dkt. No. 107 at 2.

On June 5, 2016, the Court issued a Decision and Order denying Plaintiff's motion, holding that, under the circumstances of this case, Plaintiff's request for injunctive relief against nonparties was improper. Dkt. No. 119 ("June Order") at 3. The Court also concluded that Plaintiff failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Id. at 4. The Court reasoned that Plaintiff sought relief for incidents that were unrelated to his underlying causes of action. Id. at 5.

## III.     DISCUSSION

### A.  Motion for Preliminary Injunction

The law of preliminary injunctions was discussed in the June Order and will not be restated herein. Id. at 1–2. Plaintiff is presently confined at Southport C.F. Dkt. No. 86. In his third motion for injunctive relief, Plaintiff claims that staff at Southport C.F. are not providing sufficient legal supplies, including pens. Dkt. No. 181 at 1, 3, 7. Plaintiff claims that it is difficult for him to provide the Court and opposing counsel with copies of his submissions. Id. at 1, 5. Plaintiff seeks an order directing the staff at Southport C.F. to provide Plaintiff with legal supplies and access to a photocopy machine. Id. at 1. Plaintiff wants a mandatory injunction, so the Court will use the "clear and substantial" showing of a likelihood of success standard.

Defendants oppose the motion arguing that (1) Plaintiff's motion is frivolous, (2) Plaintiff fails to explain what he has been prevented from copying or mailing or how that has impaired his ability to prosecute any lawsuit, and (3) Plaintiff is capable of filing multiple documents in his various cases. Resp. at 4–5.

Currently, Plaintiff has multiple additional actions pending in the Northern District of New York in which he has requested the same relief. In November 2016, Plaintiff filed a similar motion for injunctive relief in White v. Tatro, No. 15-CV-1489, 2016 WL 7735757 (N.D.N.Y. Nov. 28, 2016). In a Report-Recommendation filed on November 28, 2016, Magistrate Judge Andrew T. Baxter denied Plaintiff's request because he sought "speculative relief against individuals who are not defendants in this action."[1] Id. at *8.

---

[1] In January 2017, United States District Judge Brenda K. Sannes issued an Order adopting the Report-Recommendation in its entirety. White v. Tatro, No. 15-CV-1489, 2017 WL 120949 (N.D.N.Y. Jan. 12, 2017).

In White v. Allen, No. 14-CV-1105 (N.D.N.Y. Jan. 10, 2016), Plaintiff filed a motion for injunctive relief raising the same arguments set forth here with the same documentary evidence annexed to the motion papers. In a Decision and Order filed in January 2017, the Court denied Plaintiff's motion because he sought relief against employees of Southport C.F. who were not parties to the action. Id. at 4.

Here, the Court, consistent with the orders in Plaintiff's other actions, denies Plaintiff's request for injunctive relief because the staff at Southport C.F. are not defendants in this action. See In re Rationis Enter., Inc. of Pan., 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302–03 (2d Cir. 1999) (same); United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988) (same).[2]

Even if the Court could provide relief for the alleged wrongdoing at Southport C.F., the motion would still be denied because Plaintiff's Complaint does not contain any allegations about his access to courts and he cannot establish a likelihood of success on the merits of his underlying claim. See Mitchell v. N.Y. State Dep't of Corr. Srvs., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying relief where the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action,

---

[2] Under the All-Writs-Act, the Court has authority to "enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction." In re Baldwin-United Corp., 770 F.2d 328, 338 (2d Cir. 1985). Because Plaintiff has filed at least fourteen lawsuits in this district alone since 2010, White v. Dishaw, No. 14-CV-2, 2015 WL 5513072, at * 3 n.3 (N.D.N.Y. Sep. 15, 2015), it is not clear whether his motion for injunctive relief refers to his ability to pursue his claims in this particular case. But based on the assertions made in Plaintiff's motions, the Court is not persuaded that such an injunction is necessary in this case.

except for the fact that they arise in the prison context).

Upon review, the Court finds that Plaintiff has not made the showing required for the issuance of mandatory injunctive relief. Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him. See Covino v Patrissi, 967 F.2d 73, 77 (2d Cir. 1992) (describing the standard for a preliminary injunction). Plaintiff's motion for preliminary injunctive relief is denied in its entirety.

**B. Motion for Contempt**

Plaintiff moves to hold "non-parties in contempt of court." Dkt. No. 174 at 1. Plaintiff claims that "non-parties" are deliberately disobeying the Court's prior orders and refusing to provide him with access to copies, a notary, a pen, envelopes, and "Form #2708." Id. at 1–2; Dkt. No. 173 at 1. Plaintiff identifies the non-parties as Anthony Lowe, Benjamin Rondeau, Michael Sheahan, and Michael Desurgomaster. Dkt. No. 173 at 1. Plaintiff alleges that these people continue to demand that he provide a court order for access to the supplies he wants. Id. Defendants oppose Plaintiff's motion, arguing that "it is not clear who plaintiff wants this Court to hold in contempt." Resp. at 2.

A party or nonparty "may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004); accord Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC., No. 04-CV-9651, 2011 WL 3875307, at *3

5

(S.D.N.Y. Aug. 25, 2011).

A review of the Court's orders issued to date belies Plaintiff's claims. In June 2016, Plaintiff claimed that he was unable to access his legal mail and thus could not comply with the Court's order to supplement his Complaint. Dkt. Nos. 115, 122. On June 27, 2016, the Court issued an Order stating:

> The Court reiterates that this case is open and active (see Dkt. No. 120), and that mailings to the Court meet the definition of "legal mail" under N.Y. Comp. Codes R. & Regs. tit. 7, § 721.3(a)(3)(iv)(a). Under that regulation, Plaintiff should thus be afforded an advance for postage needed to submit filings in this action. . . . The Court also notes receipt of Plaintiff's Letter (Dkt. No. 123) regarding legal supplies at Southport Correctional Facility. Upon review, the Court has not identified any specific request for judicial intervention within Plaintiff's Letter, but will remain conscious of Plaintiff's alleged difficulties obtaining legal supplies during the progression of this case.

Dkt. No. 124.

In a Decision and Order filed July 7, 2016, the Court denied Plaintiff's motion for expanded discovery, access to postage, recusal of Magistrate Judge Baxter, in camera review of documents, and appointment of counsel. Dkt. No. 124. On July 14, 2016, the Court denied Plaintiff's motion for "expanded discovery, access to postage to enable access to courts, in camera review of documents, and appointment of counsel" as duplicative. Dkt. No. 137.

On September 30, 2016, the Court denied Plaintiff's letter motion requesting the Court's assistance with issues regarding lack of supplies for pursuing legal matters. Dkt. No. 159. Plaintiff was directed to file an appropriate grievance in accordance with the facility's grievance procedures. Id. On October 5, 2016, an Order was issued reminding Plaintiff that "if he believes that his current facility is not acting consistently with the court's orders or with DOCCS

Directives, plaintiff should file an appropriate grievance in accordance with the facility's grievance procedures." Dkt. No. 161.

While the Court has issued several orders related to Plaintiff's requests for legal supplies, those orders do not compel nonparties, or any individual at Southport C.F., to take any action. Accordingly, the nonparties cannot be found to have violated the terms of any order. As Plaintiff has failed to present "clear and convincing evidence" that the nonparties failed comply with clear and unambiguous court orders, his motion for contempt is denied.

**C. Defendants' Request for Anti-Filing and/or Bar Order**

In opposition to Plaintiff's motions, Defendants seek an anti-filing injunction and/or bar order due to Plaintiff's "abusive conduct" and "frivolous and vexatious filings." Resp. at 4.

A federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action pro se (that is, without counsel), without prior leave of that court. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986))); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) ("[T]he district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard."); In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994) (where a pro se plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); Azubuko v. Unknown Bos. Police Officers, No. 08-CV-0330, 2008 WL 1767067, at *1 (N.D.N.Y. Apr. 16, 2008). "[L]itigious

7

affinity alone does not support the grant of an injunction, for 'access to the Courts is one of the cherished freedoms of our system of government.'" Carlin v. Gold Hawk Joint Venture, 778 F. Supp. 686, 694 (S.D.N.Y. 1991) (quoting Kane v. City of New York, 468 F. Supp. 586, 590 (S.D.N.Y. 1979)).

The Second Circuit has identified several factors that should be considered in determining whether to restrict a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005).

Here, Defendants have failed to establish that Plaintiff has demonstrated a pattern of filing multiple frivolous motions arising out of the same underlying facts, without any objective good faith expectation of prevailing; that his actions have been vexatious and harassing and posed an unnecessary burden on the courts and their personnel; or that other sanctions may not be adequate to protect the courts and parties. Accordingly, to the extent that Defendants request an anti-filing injunction prohibiting further submissions in this action without leave of the Chief Judge, that request is denied.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motions for injunctive relief and for a contempt order (Dkt. Nos. 173, 174, 175, and 181) are **DENIED**; and it is further

**ORDERED**, that Defendants' request for an anti-filing injunction (Dkt. No. 182) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 08, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge