UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN WHITE,

        Plaintiff,

 -against-          9:14-CV-1400 (LEK/ATB)

DONALD UHLER, *et al.*,

         Defendants.

## ORDER

 This matter comes before the Court following a Report-Recommendation filed on May 4, 2017, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(a). Dkt. No. 209 ("Report-Recommendation"). Also before the Court is plaintiff John White's appeal of a text order issued by Judge Baxter. Dkt. No. 203 ("Text Order"), Dkt. No. 206 ("Appeal").

 Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack., No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), overruled on other grounds by Widomski v. State Univ. of N.Y. (SUNY) at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be

made specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (quoting Howell v. Port Chester Police Station, No. 09-CV-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010))). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

No objections were filed in the allotted time period. Docket. The Report-Recommendation was issued on May 4, 2017, and objections were due on May 22. Rep.-Rec. On June 1, the Court extended the deadline for filing objections to June 26. Dkt. No. 212. On July 5, White filed a letter with the Court suggesting, among other things, that he needed copies of his opposition papers to respond to the Report-Recommendation. Dkt. No. 219. The Court construed this as yet another request for an extension of the deadline for filing objections, and it denied the request (though it granted his request for copies of his opposition papers, which he claimed were necessary to help him litigate a separate case). Dkt. No. 220. Finally, on July 27, White filed another letter requesting an extension of time to lodge objections to the Report-Recommendation. Dkt. No. 223. In this letter, he appears to reiterate his belief that he could not properly object to Judge Baxter's Report-Recommendation without copies of his opposition papers. Id. Since the Court fails to see how this prevented White from meaningfully objecting to the Report-Recommendation, the Court denies his request for another extension of the deadline. See Tavares v. Amato, 954 F. Supp. 2d 79, 84 (N.D.N.Y. 2013) (denying a pro se plaintiff's request for an extension of the time period for objecting to a Report-Recommendation because, among other things, "he offer[ed] no valid basis for an extension of the time period for filing

objections"). Since no objections were filed in the allotted time period, the Court has reviewed the Report-Recommendation for clear error and has found none.

Additionally, White appeals Judge Baxter's March 10, 2017 text order denying his request to file a surreply. Appeal at 1–2; Text Order. A district court may reverse the decision of a magistrate judge only "where it has been show that the magistrate's order is clearly erroneous or contrary to law." § 636(b)(1)(A). A magistrate judge's order is clearly erroneous "when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (quoting Thompson v. Keane, No. 95-CV-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Thompson, 1996 WL 229887, at *1 (quoting SEC v. Thrasher, No. 92-CV-6987, 1995 WL 456402, at *12 (S.D.N.Y. Aug. 2, 1995)).

White argues that Judge Baxter erred in denying his request to file a surreply, Appeal at 1, but Local Rule 7.1(b)(1) does not allow plaintiffs to file surreplies. Local rules have the force of law "[s]o long as such rules do not conflict with rules prescribed by the Supreme Court, congressional enactments, or constitutional provisions." United States v. Yonkers Bd. of Educ., 747 F.2d 111, 112 (2d Cir. 1984). A plaintiff's pro se status does not excuse her from complying with the local rules. White v. Drake, No. 10-CV-1034, 2011 WL 4478921, at *8 n.13 (N.D.N.Y. Sept. 26, 2011) (collecting cases). But "'[a] district court has broad discretion to determine whether to overlook a party's failure to comply with the local court rules.'" United States v. Cook, No. 09-CR-125, 2015 WL 13145602, at *1 n.1 (N.D.N.Y. Nov. 19, 2015) (Kahn, J.) (quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001)). Since the Local Rules do

3

not allow plaintiffs to file surreplies, it was within Judge Baxter's discretion to deny White's request. Shomo v. N.Y. Dep't of Corr. Servs., No. 04-CV-910, 2007 WL 2580509, at *5 (N.D.N.Y. Sept 4, 2007) (Kahn, J.). Finding no error, the Court affirms Judge Baxter's decision to deny White's request.

White also appeals Judge Baxter's decision to deny his request for additional copies of the motion papers. Appeal at 1–2. But this issue is now moot because, as noted above, on July 6, 2017, the Court granted White's request for copies of his opposition papers. Dkt. No. 220.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's request (Dkt. No. 223) for an extension of the deadline to object to the Report-Recommendation (Dkt. No 209) is **DENIED**; and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 209) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's motion for summary judgment (Dkt. No. 169) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's appeal (Dkt. No. 206) of Judge Baxter's text order (Dkt. No. 203) is **DISMISSED**, and Judge Baxter's text order (Dkt. No. 203) is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 02, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge